IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| **DONALD C. RUSCH**, <br><br>    Plaintiff, <br><br> v. <br><br> **MIDWEST INDUSTRIES INC.,** <br> et. al., <br><br>    Defendant. | **No. 10-CV-4110-DEO** <br><br> Memorandum and Opinion Order |

_____

Currently before this Court is Plaintiff's First Motion in Limine to exclude: (1) "evidence of, or reference to any settlement negotiations" and (2) "opinion testimony from Defendants' designated expert, Karen L. Stricklett . . . ." Docket No. 57, 1. Also currently before this Court is Defendant's First Motion in Limine to exclude paragraph 20 of Susan Godbersen's Affidavit dated May 26, 2009. Docket No. 58, 1.

**I.   SETTLEMENT NEGOTIATIONS**

At the hearing of July 9, 2012, both parties stated they did not intend to present evidence related to the settlement negotiations. Evidence relating to settlement negotiations is hereby excluded to the extent provided for under Federal Rule of Evidence 402 when read in conjunction with other applicable Rules of Evidence.

**II.   DEFENDANT'S DESIGNATED EXPERT**

As previously noted, Plaintiff requests the exclusion of opinion testimony from Defendants' designated expert, Karen L. Stricklett.  Docket No. 57, 1.  Ms. Stricklett has been a member of the American Board of Vocational experts since 1989 and a Certified Rehabilitation Counselor since 1983.  Docket No. 57-2, 1.  She is currently a Rehabilitation Counselor at and President of Stricklett & Associates in Omaha, Nebraska.  Docket No. 57-2, 13.  Her report at issue, entitled Analysis of Job Search Efforts:  Donald Rusch, incorporates a number of resources related to a successful job search campaign and concludes that "Mr. Rusch has not made a good faith or reasonable effort to secure a job" since his termination from Midwest Industries.[1]  Docket No. 57-2.  Defendants argue Ms. Stricklett's testimony should be admitted in order "to show that Plaintiff failed to mitigate his damages . . . ." Docket No. 60, 4.

---

[1] Though not currently before this Court, this Court has reservations about allowing Ms. Stricklett to testify regarding the ultimate reasonableness of Plaintiff's efforts. See Roniger v. Mccall, 2000 WL 1191078, 5 (2000) (stating, it is improper to allow an expert to testify whether a plaintiff's efforts to find alternative employment were "reasonable" because such a question is dispositive and should be left "for the jury to decide based on all the evidence" and a court's instructions).

Federal Rule of Evidence 702 controls the admission of expert testimony. It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

"Whether to admit expert testimony rests in the discretion of the trial judge, whose decision will not be reversed unless it is clearly erroneous." Bartak v. Bell-Galyardt & Wells, Inc., 629 F.2d 523, 530 (8th Cir. 1980). Under Rule 702, the trial court acts as a gatekeeper, screening evidence for relevance and reliability. Daubert v. Merrell Dow Pharmaceuticals Inc., 509 U.S. 579, 589-90 (1993). Defendant has the burden to produce substantial evidence supporting a failure-to-mitigate claim prior to the admission of evidence related thereto. Vasconez v. Mills, 651 N.W.2d 48, 53-54 (Iowa 2002). However, "[c]ourts should resolve

doubts regarding the usefulness of an expert's testimony in favor of admissibility." Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 758 (8th Cir. 2006).

Plaintiff's Brief in Support of its First Motion in Limine makes two general arguments: (1) because the reasonableness of Plaintiff's efforts to obtain alternate employment is a matter within the common knowledge of an Iowa jury, expert testimony is superfluous; and (2) expert testimony on the reasonableness of Plaintiff's efforts to obtain alternate employment is not admissible without substantial evidence of the existence of alternate employment. Docket No. 57-1.

**A.   Whether the Reasonableness of Plaintiff's Efforts to Obtain Alternate Employment is a Matter of Common Knowledge?**

"Where the subject matter" of evidence or testimony "is within the knowledge or experience of lay people, expert testimony is superfluous." Ellis v. Miller Oil Purchasing Co., 738 F.2d 269, 270 (8th Cir. 1984) (citing Bartak v. Bell-Galyardt & Wells, Inc., 629 F.2d 523, 530 (8th Cir. 1980). Though this Court agrees that the average juror will have a general understanding of how to go about seeking employment, Plaintiff is a former Vice-President of a large company.

After careful consideration, this Court is persuaded that Ms. Stricklett's report and/or testimony could be admitted to aid the jury in understanding typical job search efforts of a person with Plaintiff's qualifications.

**B.   Whether Expert Testimony on the Reasonableness of Plaintiff's Efforts to Obtain Alternate Employment is Inadmissible Without Substantial Evidence of the Existence of Alternate Employment?**

The Defendant contends "there is no requirement under Iowa law or Eighth Circuit tort law that an employer must show that suitable work existed" in order to sustain a failure-to-mitigate claim. Docket No. 60, 4.  In considering Defendant's argument, this Court has considered two competing standards employed by Iowa Courts.

In <u>Vasconez v. Mills</u>, a negligence case, the Iowa Supreme Court identified the following elements of a failure-to-mitigate damages claim:

> (1) there was something the plaintiff could have done to mitigate his loss;
>
> (2) requiring the plaintiff to do so was reasonable under the circumstances;
>
> (3) the plaintiff acted unreasonably in failing to undertake the mitigating activity; and

5

>   (4) a causal connection exists between the plaintiff's failure to mitigate and the damages claimed.

651 N.W.2d 48, 53-54 (Iowa 2002) (citing Greenwood v. Mitchell, 621 N.W.2d 200, 205 (Iowa 2001).

In The Children's Home of Cedar Rapids v. Cedar Rapids Civil Rights Commission, a Title VII employment case, the Iowa Court of Appeals identified the following elements of a failure-to-mitigate claim:

>   (1) that the damage suffered by [the employee] could have been avoided, i.e. that there were suitable positions available which [the employee] could have discovered and for which he was qualified; and
>
>   (2) that [the employee] failed to use reasonable care and diligence in seeking such a position.

464 N.W.2d 478, 481 (Iowa App. 2000) (quotations omitted).

This Court is persuaded the standard identified in Children's Home is more appropriately applied to this case than the standard enunciated in Vasconez. However, such a determination is not necessary to this Court's ruling herein. Both standards require a substantial showing that suitable alternate employment existed. The Title VII standard does so explicitly. The standard announced in Vasconez does so implicitly. Clearly, there is nothing a Plaintiff can do to

6

mitigate his losses if there is no alternative employment. Furthermore, it would be unreasonable to require a Plaintiff to take employment unless it was suitable to his particular qualifications. Finally, there cannot be a causal connection between a Plaintiff's failure-to-mitigate and his damages unless other employment was actually available.

To date, Defendant has failed to identify other suitable job opportunities which Plaintiff could have pursued. **Until such time as Defendant submits additional information with this Court indicating how they plan to produce substantial evidence that other work was available to Plaintiff, Ms. Stricklett's Report and/or testimony is excluded. After this submission is made, the Court will hold a hearing as to whether and to what extent the expert will be allowed to testify.**

### III. PARAGRAPH 20 OF SUSAN GODBERSEN'S AFFIDAVIT DATED MAY 26, 2009

Paragraph 20 of Ms. Godbersen's Affidavit in question states in full:

> In April, 2009, Don told Andy Brosius, the President of Midwest, that he wanted to be a consultant in Des Moines for Midwest so he could live in Des Moines. Andy told Don he didn't have such a position and didn't

>      feel the need to create one for him.  Andy
>      also told Don that under the circumstances
>      of his recent work ethic, if Don wouldn't
>      resign, he was going to have to terminate
>      him.  It has come to light that in the last
>      10 years, Don has not taken care of
>      business at Midwest Industries.  Don was
>      supposed to report to Andy for job
>      assignments in February and March, 2009.
>      However, Don only reported once to Andy and
>      failed to report the other times.  Don
>      still got paid for two months but was not
>      even doing the work that was assigned and
>      did not have to come in to work at a
>      regular time.

Docket No. 63.

Hearsay is a "statement that:  (1) the declarant [did] not make while testifying at the current trial or hearing; and (2) a party offers into evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c).  The Plaintiff concedes that Paragraph 20 of Ms. Godbersen's Affidavit at issue includes statements that declarants therein did not make while testifying before this Court.  However, Plaintiff is not offering Paragraph 20 to prove the truth of the matters asserted in the statements therein.  In fact, Plaintiff is contending that the statements were untrue and serve as evidence that Susan Godbersen improperly interfered with Plaintiff's business relations with Midwest Industries. **Therefore, Defendant's Motion in Limine as to Paragraph 20 of**

8

**Susan Godbersen's Affidavit is denied.**

**IV.   MISCELLANEOUS ORAL MOTIONS**

At the hearing before this Court on July 9, 2012, Defendants argued Paragraph 20 should be excluded pursuant to Rule of Evidence 403.  In particular, Defendants argued Paragraph 20's probative value is outweighed by the prejudice it would cause to Defendant Andrew Brosius.  However, it is unclear to this Court how Paragraph 20 would be prejudicial to Defendant Brosius, especially if it is presented as something that is not true.  Even if there were cognizable prejudice, it is unclear how this would outweigh Paragraph 20's apparent probative value.  Therefore, Paragraph 20 is not hereby excluded on this basis.  However, Defendant is given leave to clarify their position at a future time, either orally or through a formal motion and brief.

Defendant also orally requested a limiting instruction in relation to Paragraph 20.  This matter will be taken up prior to finalizing the jury instructions.

**IT IS SO ORDERED** this 12th day of July, 2012.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa